**BUCKERIDGE DOOR CO., INC., Charles M. Buckeridge, Frank Renhak, Albert Ruegger and Dale Zielinski, Plaintiffs,**

v.

**CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, and Local Unions, Defendants.**

No. 96 C 2010.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 30, 1996.

Joseph Patrick Berglund, Stanley E. Niew, Kathleen I. Niew, Niew & Associates, Hinsdale, IL, for Plaintiffs.

Collins Parkin Whitfield, Terrance Bryan McGann, Whitfield & Gregorio, Chicago, IL, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court are plaintiffs' motion to remand their action to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c) and defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. For the reasons that follow, the court grants plaintiffs' motion to remand and denies defendants' motion to dismiss.

## I. *BACKGROUND*

Plaintiff Buckeridge Door Company, Inc. ("Buckeridge"), installs and services residential and commercial garage doors. In April 1987, Buckeridge signed a form of a collective bargaining agreement known as a "prehire" agreement, or 8(f) agreement, with the Chicago and Northeast Illinois District Council of Carpenters ("Union"). On February 24, 1995, the Union terminated its 8(f) agreement with Buckeridge, effective midnight May 31, 1995. The Union then extended the effective date one month to midnight June 30, 1995.

After the 8(f) agreement expired, Buckeridge and the Union continued to negotiate for a new agreement. On November 8, 1995, the Union informed Buckeridge that the Union would assume that Buckeridge was not interested in signing a new agreement with the Union unless Buckeridge returned an executed collective bargaining agreement by December 1, 1995. Buckeridge did not do so. On February 21, 1996, Buckeridge made a final offer for a new agreement with the Union, stating that the offer remained open until March 1, 1996. The Union did not accept the offer. On March 7, 1996, the Union told its members that it did not have an agreement with Buckeridge and that it would strike Buckeridge for a contract. The Union then picketed Buckeridge daily until April 19, 1996.

On April 3, 1996, Buckeridge filed a complaint against the Union in the Circuit Court of Cook County. The complaint alleges that beginning in March 1996, the Union picketed at private residences and distributed leaflets containing false and disparaging information about Buckeridge's quality of work to residential customers of Buckeridge. The complaint also alleges that Union members attempted to bar Buckeridge employees' access to work, followed Buckeridge employees to their job sites and homes, and harassed and intimidated the employees.

Count I of the complaint asks for injunctive relief from the Union's distribution of the leaflets, picketing, and harassment of Buckeridge employees. Count II alleges that the Union violated the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1–510/7, by making disparaging and false statements about Buckeridge. Count III alleges that the Union defamed Buckeridge and its owner by knowingly distributing false information about Buckeridge and its owner. Count IV alleges that the Union invaded the privacy of Buckeridge and its owner by placing them in a false light. Count V alleges that the Union violated the Illinois Residential Picketing Act, 720 ILCS 5/21.1–2, by picketing at the residences of Buckeridge's customers.

On April 8, 1996, defendants removed plaintiffs' case to this court, contending that this court has original jurisdiction over plaintiffs' cause of action pursuant to section 301(a) of the federal Labor Management Re-

lations Act (LMRA), 29 U.S.C. § 185(a). Defendants contend that the LMRA governs this action because it arises out of the collective bargaining agreement between Buckeridge and the Union and Buckeridge's obligation to resume bargaining with the Union.

Plaintiffs have moved to remand the case to the state court where they originally filed it. Defendants, in turn, have moved to dismiss plaintiffs' complaint on the basis that this court has no subject matter jurisdiction over the action, which falls under the exclusive jurisdiction of the National Labor Relations Board (NLRB).

## II. DISCUSSION

### A. Plaintiffs' motion to remand

■ "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Consequently, a federal court will remand a case to the state court from which it was removed if there was a defect in the removal, such as a lack of subject matter jurisdiction in the federal court. *See* 28 U.S.C. § 1447(c).

Plaintiffs argue that there was such a defect in the removal of their case from the Circuit Court of Cook County. They contend that they have alleged only state law claims that have nothing to do with a collective bargaining agreement, and therefore that their case does not belong in federal court; that is, this court has no subject matter jurisdiction over their cause of action.

■ Section 301(a) of the LMRA bestows on the federal courts original jurisdiction over all causes of action based on violations of contracts between an employer and a labor organization representing employees. 29 U.S.C. § 185(a). Thus, section 301(a) preempts "any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853–54, 77 L.Ed.2d 420 (1983) (quoting 29 U.S.C. § 185(a)).

However, section 301(a) does not deprive the state courts of jurisdiction over all actions between a union and employer. "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar,* 482 U.S. at 394, 107 S.Ct. at 2431 (quoting *Int'l Bhd. of Elec. Workers, AFL–CIO v. Hechler,* 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 2166–67 n. 3, 95 L.Ed.2d 791 (1987)).

Thus, where a state claim is not "substantially dependent upon the interpretation of" a collective bargaining agreement, or does not rely directly or indirectly upon a collective bargaining agreement, the state claim is not preempted by section 301(a). *See Caterpillar,* 482 U.S. at 395, 107 S.Ct. at 2431. This is because "'it would be inconsistent with congressional intent under [section 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.'" *Id.* (quoting *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 212, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985)). *See also Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 410, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410 (1988) ("[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes").

■ In the present case, it is clear that no collective bargaining agreement existed between Buckeridge and the Union at the time the acts that form the basis of plaintiffs' complaint occurred. Thus, the complaint is not based, directly or indirectly, on a collective bargaining agreement between Buckeridge and the Union, and consequently is independent of a collective bargaining agreement between Buckeridge and the Union.

However, defendants contend that the conduct underlying plaintiffs' complaint occurred during the course of a labor dispute. They argue that the LMRA governs the case because the case arises out of the collective bargaining agreement and Buckeridge's obligations to resume bargaining with the Union. Defendants contend that Buckeridge had "implied-in-fact bargaining obligations," and

could not make "unilateral changes in the terms and conditions of the prior contract pending a new agreement or an impasse." (Defs.' Resp. to Pls.' Mot. to Remand at 4 (citing *Livingston Pipe & Tube, Inc. v. National Labor Relations Bd.*, 987 F.2d 422 (7th Cir.1993)).)

The court disagrees. While the conduct that plaintiffs complain of might have occurred during a labor dispute, that is not the standard for determining whether their state law claims are preempted by section 301 of the LMRA. It is only when the claims are dependent upon a collective bargaining agreement that they are preempted. *See Caterpillar*, 482 U.S. at 394–95, 107 S.Ct. at 2431.

Moreover, *Livingston* is inapposite to this case, and does not support defendants' argument that Buckeridge was obligated to continue bargaining with the Union. In *Livingston*, employees began a unionization drive, following which a majority of employees voted to join the union. *Livingston*, 987 F.2d at 423–24. Subsequent to the vote to join the union, the employer suspended and fired numerous employees who had been involved in the unionization drive on the ground that they had violated absenteeism and tardiness policies. *Id.* at 424–25. The union filed charges with the NLRB, which found that the employer's actions violated various subsections of section 8(a) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a). *Id.* at 425. The employer petitioned for review of the NLRB's decision to the Seventh Circuit Court of Appeals. *Id.* at 425.

Among other things, the employer challenged the NLRB's finding that the employer violated sections 8(a)(5) and (1) of the NLRA by refusing to bargain with the union after its election victory and by unilaterally *implementing new absenteeism and tardiness policies. Id.* at 428. The court found that the NLRB correctly determined that the employer committed an unfair labor practice by refusing to bargain with the union between the time the employees voted for unionization and the time the NLRB certified the union. *Id.* (stating that " '[i]f the [NLRB] rejects the objections [of an employer] and certifies the Union, the employer's duty to bargain

relates back to the date of the election' " (quoting *Advertisers Mfg. Co. v. National Labor Relations Bd.*, 677 F.2d 544, 547 (7th Cir.1982)).

The court also found that the NLRB correctly determined that the employer had committed an unfair labor practice by unilaterally implementing a change in the terms and conditions of employment without bargaining with the union. *Id.* (stating that " '[a]bsent compelling economic reasons, an employer who unilaterally changes terms and conditions of employment during the pendency of objections [to the Union's representative status] may be charged with a section 8(a)(5) violation once the union is certified' " (quoting *National Labor Relations Bd. v. 1199, Nat'l Union of Hosp. and Health Care Employees, AFL–CIO*, 824 F.2d 318, 320 (4th Cir.1987)). Accordingly, the court denied the employer's petition.

The crux of the *Livingston* opinion is that a majority of the employer's employees had voted to unionize, and once that occurred, the employees were represented by the union. Therefore, the employer was required to comply with the provisions of the NLRA requiring it to engage in collective bargaining with the union, as the employees' representative, before the employer could make any employment policy changes. In the present case, in contrast, Buckeridge's employees had not voted to unionize. Rather, Buckeridge itself had entered into an 8(f) agreement with the Union so that its employees did not have to vote to be represented by a union.

▪ An 8(f) agreement is a construction industry "pre-hire" agreement under the Taft–Hartley Act, 29 U.S.C. § 158(f). *Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1215 (7th Cir.1989). Under section 8(f), construction industry employers and unions can sign collective bargaining agreements even though the union may not represent a majority of the employers' employees. *Id.* Section 8(f) agreements can be repudiated by either party at any time before the union achieves representation by a majority of the employees. *Id.* (citing *Jim McNeff, Inc. v. Todd*, 461 U.S. 260, 265–66, 103 S.Ct. 1753, 1756–57, 75 L.Ed.2d 830 (1983); *Int'l Ass'n of Bridge, Structural & Ornamental Iron*

Workers, Local Union 103, AFL–CIO v. Higdon Constr. Co., Inc., 739 F.2d 280, 282 (7th Cir.1984)).

■ A pre-hire agreement does not make a union the employer's employees' representative. McNeff, 461 U.S. at 266–67, 103 S.Ct. at 1757 (quoting National Labor Relations Bd. v. Local 103, Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers (Higdon), 434 U.S. 335, 346, 98 S.Ct. 651, 658, 54 L.Ed.2d 586 (1978)). However, a union can enforce an employer's pre-hire agreement obligations despite not representing a majority of the employees as long as the agreement has not been repudiated. Gould, 870 F.2d at 1215 (citing McNeff, 461 U.S. at 269–71, 103 S.Ct. at 1758–59).

Thus, regardless of the fact that the Union and Buckeridge had entered into an 8(f) agreement, the Union did not represent Buckeridge's employees, even while the 8(f) agreement was in force. Consequently, Livingston has no applicability to the case now before the court. More importantly, either Buckeridge or the Union could repudiate the pre-hire agreement at any time before a majority of Buckeridge's employees voted to be represented by the Union. Though the pleadings do not say so explicitly, it appears that such a vote never occurred. So, once the pre-hire agreement ended on June 30, 1995, no collective bargaining agreement existed between Buckeridge and the Union.

The Union has cited no case law, other than the inapplicable Livingston, that holds that Buckeridge was required to engage in collective bargaining with the Union following the termination of the pre-hire agreement, or was bound by any former 8(f) obligations to the Union; nor has this court uncovered any. Furthermore, the NLRB expressly found that Buckeridge was entitled to institute unilateral changes following the expiration of the 8(f) agreement. (See Reply to Defs.' Resp. to Pls.' Mot. to Remand Ex. B.)

The court finds that no collective bargaining agreement between Buckeridge and the Union existed at the time defendants engaged in the acts on which plaintiffs' complaint is predicated, and therefore that plaintiffs' complaint is not dependent upon an analysis of a collective bargaining agreement between Buckeridge and the Union.

Furthermore, even if the 8(f) agreement still existed between Buckeridge and the Union, the court would reach the same conclusion. Buckeridge's claims are based entirely on state law, and require not even a look at the former 8(f) agreement; thus, they are not "substantially dependent upon the interpretation of" the 8(f) agreement, and do not rely directly or indirectly upon the 8(f) agreement. See Caterpillar, 482 U.S. at 395, 107 S.Ct. at 2431.

Buckeridge's claims are entirely independent of the 8(f) agreement that at one time existed between Buckeridge and the Union. Therefore, plaintiffs' complaint is not preempted by section 301(a) of the LMRA. Since plaintiffs' complaint, alleging only state law claims, is not preempted by federal law, this court has no jurisdiction over plaintiffs' cause of action, and the case should not have been removed to this court. Accordingly, the court grants plaintiffs' motion to remand their cause of action to the Circuit Court of Cook County.

### B. Defendants' motion to dismiss

Though defendants no doubt did not intend it, their motion to dismiss provides further support for the court's decision to remand plaintiffs' case to the Circuit Court of Cook County. Defendants argue in their motion to dismiss that the NLRB has exclusive jurisdiction to adjudicate plaintiffs' claims, and therefore that this court has no jurisdiction over plaintiffs' cause of action. If defendants are correct, which this court does not decide for the reasons explained below, the court nonetheless must remand plaintiffs' case.

A civil action brought in state court can be removed to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). If the court has no subject matter jurisdiction over the action, it must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Thus, according to both the court's conclusion with respect to section 301 preemption and defendants' argument in their motion to dismiss, this court has no jurisdiction over plaintiffs' cause of action. Because this court

has no jurisdiction over plaintiffs' cause of action, the case should not have been removed to this court. *See* 28 U.S.C. § 1441(a).

Defendants urge the court to decide their motion anyway, irrespective of the court's decision regarding plaintiffs' motion to remand. The court declines to address the merits of defendants' motion to dismiss, because to do so would be inconsistent with the court's finding that this case should not have been brought before this court.

Accordingly, the court dismisses without prejudice defendants' motion to dismiss as moot, in light of the court's decision to remand plaintiffs' cause of action to the state court in which plaintiffs originally brought their case.

### III.  *CONCLUSION*

For the foregoing reasons, the court grants plaintiffs' motion to remand this case to the Circuit Court of Cook County, and denies defendants' motion to dismiss plaintiffs' complaint as moot. The court also denies each party's request for attorney's fees and costs.